JUAN DE JESÚS MONTALVO, Petitioner, *v.* DISTRICT COURT OF ARECIBO, Respondent.

No. 362. Argued November 24, 1941.—Decided December 2, 1941.

*Diego E. Ramos* for petitioner. The respondent judge appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

This is a petition for a writ of mandamus directed to the District Court of Arecibo, to compel it to dismiss the prosecutions in criminal cases Nos. 7366 and 7368, instituted in said court by the People of Puerto Rico against Juan de Jesús Montalvo for violations of Section 5 (*b*) and Section 4 of Act No. 3 of 1935 (Coffee Act), on the ground that the period of 120 days fixed by Section 448 (2) of the Code of Criminal Procedure had fully expired without the said causes having been tried.

The judge of the lower court, in his answer to the alternative writ of mandamus issued, alleged that the two prosecutions sought to be dismissed had been brought on March 17, 1941; that the trial of both cases was set for June 11, 1941, before the expiration of the statutory period of 120 days; that when said cases were called for trial at the time above stated, the court read out a telegram from the Assistant Commissioner of Agriculture advising the court that F. Luis Calderón, the only witness for the prosecution in both cases, had been ordered by the Judge of the District Court of San Juan to continue to testify as a witness in a case which had been commenced on the 10th and continued to the 11th of June, 1941; that in view of the fact that Calderón was the only witness, and considering that it was unnecessary to submit evidence to show that his testimony was indispensable, the court thought that there was clear and justifiable ground for ordering a continuance, which it did in the exercise of its discretion; that both cases were set again for trial on September 3, 1941, when the motion filed a few days before by the

defendant, in which he sought to have both prosecutions dismissed, was heard and denied; that on the same day, September 3, the trial was held and the defendant convicted in both cases; that the defendant appealed on the day the judgments were rendered; and that as both cases are pending on appeal in the Supreme Court, the district court is without jurisdiction to grant the dismissal sought.

■ The petitioner has filed a motion to annul the oath to the answer and for a judgment on the pleadings. Such annulment is sought on the ground that the oath administered by the clerk of the district court is void "because said clerk is without power to administer oaths in proceedings taken before this Supreme Court." The said motion is absolutely without merit and should be denied. Section 2 of "An Act to authorize the administering of affidavits, oaths, and affirmations by certain officers in Porto Rico, etc.," approved March 12, 1903, as amended by the Act of March 9, 1910, (Sess. Laws, p. 77) reads as follows:

"Section 2. All oaths, affidavits or affirmations, necessary or convenient or required by law, may be administered within Porto Rico, and a certificate of the fact given, by any judge of the Supreme Court, or by any judge of a District Court, *or by any secretary of either of the above mentioned courts,* or by any justice of the peace or municipal judge, or by any notary public . . . " (Italics ours.)

As may be seen, clerks of district courts are authorized to administer any affidavit or oath required by law. The only limitation of such authority is to be found in Section 4 of "An Act to establish a registry of affidavits or declarations executed before notaries and other officers," approved March 12, 1908, which provides that notaries may authorize such affidavits or declarations only "when they have reference to facts, acts or contracts of a mere private nature." As the case at bar deals with a matter of public concern and not one of mere private interest, we must hold that the clerk of the District Court of Arecibo is legally authorized to ad-

548

minister the oath to any pleading or document which, under the law, must be drawn up for filing in this Supreme Court and, therefore, that the oath to the answer filed by the respondent judge is valid. The case of *Pérez* v. *López, Dist. Judge,* 18 P.R.R. 630, cited by the petitioner, is not applicable to the case at bar. See *Soto* v. *Treasurer,* 53 P.R.R. 904.

 The only question for decision herein is whether the district court was sufficiently justified in ordering a postponement of the trial that had been set for June 11, 1941. From the verified copy of the minutes of that date, attached to the record, it appears that F. Luis Calderón was a material witness and the only one relied upon by the district attorney to prove his charges. The court had been officially advised by the Assistant Commissioner of Agriculture that the witness in question would be unable to appear on the day set for the trial, as he had been previously subpoenaed by another district court to testify in a trial which had been commenced on the previous day. The facts just stated by us, which were amply supported by the evidence introduced on September 2, 1941, justify in our opinion the continuance ordered by the court. See Section 449 of the Code of Criminal Procedure, and *People* v. *Calderón,* 46 P.R.R. 857.

For the reasons stated the petition for mandamus must be denied.